IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHARLES E. DYE**                                                                                               **PLAINTIFF**

v.                                                                         CIVIL NO. 1:24-cv-00119-HSO-BWR

**BURL CAIN, et al.**                                                                                        **DEFENDANTS**

### ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After considering the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

### I. BACKGROUND

On April 19, 2024, pro se Plaintiff Charles E. Dye filed this Complaint under 42 U.S.C. § 1983, naming Burl Cain, Brand Huffman, J. Canale, and Nurse Unknown Williams as Defendants. Compl. [1] at 2-3. When he filed his Complaint, Plaintiff was housed at the South Mississippi Correctional Institution in Leakesville, Mississippi, *id.* at 2, and the events giving rise to this lawsuit occurred there, *id.* at 5. Plaintiff claims that he was assaulted by two unknown gang members on December 25, 2023. *Id.* at 5. He received stitches after the assault, but medical staff subsequently "refused to remove [his] stitches [or] provide follow-up care" for almost a month. *Id.* Plaintiff reports that his "property was stolen in [this] process," and his custodians refused to identify his assailants. *Id.* Among other things, Plaintiff seeks $25,000.00 in compensatory damages and $50,000.00 in punitive damages from each Defendant. *Id.*

While screening this case under 28 U.S.C. § 1915, on June 21, 2024, the Court sent Plaintiff a packet of forms to explain information that "may affect [his] decision to proceed with this action." Order [8] at 1. Plaintiff was ordered "that if he . . . wants to continue with this case," to "sign the Acknowledgement (Form PSP-3) and return it to the Clerk of Court within thirty (30) days." *Id*. Plaintiff was also ordered "that if he . . . wants to dismiss this case," to "sign the Notice of Voluntary Dismissal (Form PSP-4) and return it to the Clerk of Court within thirty (30) days." *Id*. Plaintiff was "warned that his . . . failure to return one or the other of the forms within thirty (30) days and his . . . failure to advise this court of a change of address . . . may result in this case being dismissed sua sponte, without prejudice, [and] without further written notice." *Id*. at 2 (emphasis omitted). The Order [8] was mailed to Plaintiff at his last-known mailing address, and it was not returned as undeliverable. Plaintiff did not comply with the Court's Order [8] by the thirty-day deadline.

On August 5, 2024, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with its previous Order [8]. Order [9] at 2. Plaintiff's responsive deadline was extended to August 19, 2024, and he was again warned "[t]hat failure to timely comply with the requirements of this Order or to advise the Court of a change of address . . . may lead to dismissal of Plaintiff's Complaint without further notice to him." *Id*. The Order to Show Cause [9], with a copy of the Court's June 21 Order [8], was mailed to Plaintiff at his last-known mailing address, and it was not returned to the Court as undeliverable.

2

Once again, Plaintiff did not comply with or respond to the Court's Orders [9] [8] by the August 19 deadline.

On September 4, 2024, the Court entered a Second and Final Order to Show Cause, directing Plaintiff to "explain why this case should not be dismissed for failure to comply with the Court's Orders [9] [8]." Order [10] at 2. Plaintiff was directed to file a written response on or before September 18, 2024. *Id.* Plaintiff was also directed to comply with the Court's June 21 Order [8], on or before the September 18 deadline, "by following the instructions outlined therein." *Id.* Plaintiff was again warned "[t]hat failure to timely comply with the requirements of this Order or to advise the Court of a change of address . . . **will lead** to the dismissal of Plaintiff's Complaint without further notice to him." *Id.* at 2-3 (emphasis in original). Plaintiff was cautioned that this was his "final opportunity to comply with the Court's Orders [9] [8]." *Id.* at 3. That Order [10], with copies of the Court's June 21 and August 5 Orders [8], [9], was mailed to Plaintiff at his last-known mailing address, and it was not returned as undeliverable.

To date, Plaintiff has not responded to the Court's June 21, August 5, or September 4 Orders [8], [9], [10], nor has he otherwise contacted the Court about his case since June 21, 2024. *See* Resp. [6]; Mot. [7].

## II. DISCUSSION

The Court may dismiss an action sua sponte for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th

3

Cir. 1988). The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30; *see also, e.g., Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) (affirming sua sponte dismissal of a prisoner's case for failure to comply with court orders); *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (same).

Plaintiff did not comply with three Court Orders [8], [9], [10], after being warned six times that failing to do so may lead to the dismissal of his case. *See* Second and Final Order to Show Cause [10] at 2-3; Order to Show Cause [9] at 2; Order [8] at 2; Second and Final Order to Show Cause [5] at 2-3; Order to Show Cause [4] at 2; Order Requiring Plaintiff to Sign [3] at 1. Despite these warnings, Plaintiff has not responded to the Court's Orders or taken any action in this case since June 21, 2024. *See* Resp. [6]; Mot. [7]. Given this clear record of delay and contumacious conduct, it is apparent that Plaintiff no longer wishes to pursue this lawsuit. Under these circumstances, dismissal without prejudice is warranted.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 9th day of October, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE